**2016-2250**

# United States Court of Appeals
# for the Federal Circuit

SHINN FU COMPANY OF AMERICA, INC.,
SHINN FU CORPORATION,

*Appellants,*

*v.*

THE TIRE HANGER CORPORATION,

*Appellee.*

*Appeal from the Patent and Trademark Office, Patent Trial and
Appeal Board in Inter Partes Review No. IPR2015-00208*

## REPLY BRIEF FOR APPELLANTS SHINN FU COMPANY OF AMERICA, INC. and SHINN FU CORPORATION

A. JUSTIN POPLIN
LATHROP & GAGE, LLP
10851 Mastin Boulevard
Suite 1000
Overland Park, KS 66210
(913) 451-5100
jpoplin@lathropgage.com

Travis W. McCallon,
Lathrop & Gage, LLP
2345 Grand Boulevard
Suite 2200
Kansas City, MO 64108
(816) 292-2000
tmccallon@lathropgage.com

*Counsel for Appellants*

DECEMBER 22, 2016

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ......................................................................ii

SUMMARY OF THE ARGUMENT ..........................................................1

ARGUMENT ..........................................................................................2

   A.  Standard of Review .......................................................................2

   B.  The Board's admitted failure to address the combination
      of Curran and Conrad as taught by Komorita is fatal. ..................4

       1.  Shinn Fu raised, developed, and repeatedly highlighted
          the combination of Curran and Conrad as taught by
          Komorita........................................................................................4

       2.  Tire Hanger and the PTO concede that the Board did
          not consider Curran and Conrad as taught by
          Komorita......................................................................................12

       3.  Tire Hanger and the PTO do not dispute that the
          combination of Curran and Conrad as taught by
          Komorita renders the substitute claims obvious. ....................16

   C.  Tire Hanger's admitted failure to address the combination
      of Curran and Conrad as taught by Komorita is also fatal. .........23

CONCLUSION ....................................................................................27

CERTIFICATE OF SERVICE.................................................................29

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
LIMITATION, TYPEFACE REQUIREMENTS AND TYPE
STYLE REQUIREMENTS....................................................................30

i

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Belden Inc. v. Berk-Tek LLC,*
  805 F.3d 1064 (Fed. Cir. 2015) ...............................................2, 4, 17, 23

*CCS Fitness, Inc. v. Brunswick Corp.,*
  288 F.3d 1359 (Fed. Cir. 2002) ............................................................11

*EWP Corp. v. Reliance Universal Inc.,*
  755 F.2d 898 (Fed.Cir.1985) ................................................................23

*Idle Free Systems, Inc. v. Bergstrom, Inc.,* IPR2012-00027,
  Paper 66, 2014 WL 824156 (PTAB Jan. 7, 2014) ................................24

*In re Aqua Products,* 2015-1177,
  2016 WL 4375651 (Fed. Cir. Aug. 12, 2016) .......................................24

*In re Baxter Intl., Inc.,*
  678 F.3d 1357 (Fed Cir. 2012) .............................................................10

*In re Schreiber,*
  128 F.3d 1473 (Fed. Cir. 1997) ............................................................10

*In re Watts,*
  354 F.3d 1362 (Fed. Cir. 2004) ............................................................10

*In re Zhang,* 2015-1995,
  2016 WL 3357450 (Fed. Cir. June 17, 2016).......................................22

*Interactive Gift Express, Inc. v. Compuserve Inc.,*
  256 F.3d 1323 (Fed. Cir. 2001) ............................................................10

*MasterImage 3D, Inc. et al. v. Reald Inc.,* IPR2015-00040,
  Paper 42, 2015 WL 4383224 (PTAB July 15, 2015) ...........................24

*Microsoft Corp. v. Proxyconn, Inc.,*
  789 F.3d 1292 (Fed. Cir. 2015) .................................................11, 24, 25

*Nike, Inc. v. Adidas AG*,
   812 F.3d 1326 (Fed. Cir. 2016) .......................................................2, 24

*Power Integrations, Inc. v. Lee*,
   797 F.3d 1318 (Fed. Cir. 2015) .......................................................3, 12

*Smith & Nephew, Inc. v. Rea*,
   721 F.3d 1371 (Fed. Cir. 2013) ...........................................................17

*Spectrum Pharm., Inc. v. Sandoz Inc.*,
   802 F.3d 1326 (Fed. Cir. 2015) .....................................................21, 22

*Univ. of W. Va. Bd. of Trustees v. VanVoorhies*,
   278 F.3d 1288 (Fed. Cir. 2002) .............................................................3

**Regulations**

37 C.F.R. § 42.20(c) ....................................................................................24

## SUMMARY OF THE ARGUMENT

Tire Hanger and the PTO rest their positions on appeal entirely on the false claim that Shinn Fu below somehow did not adequately raise the prior art combination of Curran and Conrad as taught by Komorita. Such a claim requires nothing short of willful ignorance of the record, as Shinn Fu *centered* its argument below on that very combination. As such, Shinn Fu specifically directed Tire Hanger and the Board to the combination on multiple occasions, including by:

- expressly raising the combination in its opposition to Tire Hanger's motion to amend;

- dedicating four pages of its opposition to a detailed explanation of how the combination discloses all of the steps of substitute claim 6; and

- expressly directing Tire Hanger and the Board to the combination on multiple occasions during the oral hearing.

This record negates Tire Hanger's and the PTO's waiver arguments, leaving them with no basis upon which to support their failure to address Shinn Fu's argument.

Indeed, both Tire Hanger and the PTO *concede* that Tire Hanger and the Board below failed to address the combination of Curran and Conrad as taught by Komorita. Given that Shinn Fu specifically raised

1

the combination, this failure alone warrants reversal. But Tire Hanger and the PTO also do not dispute the substance of Shinn Fu's asserted combination, nor do they dispute—or even address—the factual findings made by the Board that dictate that the combination renders Tire Hanger's substitute claims unpatentable. As a result, this Court can and should find the substitute claims unpatentable without any need for a remand.

## ARGUMENT

The Board's and Tire Hanger's failures to address the combination of Curran and Conrad as taught by Komorita each provide an independent basis for reversal, as explained below.

### A.    Standard of Review

Shinn Fu previously explained that this Court reviews the Board's legal conclusions and compliance with the governing legal standards *de novo*. *Nike, Inc. v. Adidas AG*, 812 F.3d 1326, 1332 (Fed. Cir. 2016); *Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1073 (Fed. Cir. 2015). Tire Hanger and the PTO sidestep this basic principle.

While Tire Hanger agrees that the Court reviews the Board's "legal conclusions concerning obviousness" *de novo*, it is silent as to this

Court's *de novo* review of the Board's compliance with the governing legal standards.  (*See* Red Br., p. 18.)  The PTO is more cryptic still, asserting that "this Court reviews decisions 'on matters closely associated with the standard functions of the adjudicative process' for an abuse of discretion."  (Intervenor Br., p. 19 (quoting *Univ. of W. Va. Bd. of Trustees v. VanVoorhies*, 278 F.3d 1288, 1295 (Fed. Cir. 2002)).) It is not clear what the PTO means to imply by this assertion, but to the extent that it believes that this Court reviews the Board's failure to consider an issue or argument raised below for an abuse of discretion, it is wrong.

As an initial matter, the language from the *VanVoorhies* case quoted by the PTO pertained to fact-laden issues—"motions to disqualify counsel," "discovery matters"—that are not relevant here. 278 F.3d at 1295.  Moreover, as Shinn Fu explained in its opening brief, this Court has held that the standards set by the Administrative Procedures Act (APA) require the PTO to consider and address the relevant evidence and arguments asserted by the parties. *See e.g. Power Integrations, Inc. v. Lee*, 797 F.3d 1318, 1325 (Fed. Cir. 2015).  This requirement therefore relates directly to the Board's compliance with

3

the governing legal standards, which this Court reviews *de novo*.
*Belden*, 805 F.3d at 1073.

## B. The Board's admitted failure to address the combination of Curran and Conrad as taught by Komorita is fatal.

The Board admittedly failed to address Shinn Fu's asserted combination, and its failure alone warrants reversal regardless of Tire Hanger's burden.

### 1. Shinn Fu raised, developed, and repeatedly highlighted the combination of Curran and Conrad as taught by Komorita.

Both Tire Hanger and the PTO attempt to sidestep the Board's failure to address the combination of Curran and Conrad as taught by Komorita by arguing that Shinn Fu did not raise the combination below and has now waived any reliance on it, but this argument rests on little more than wishful thinking and willful ignorance of the record. Tire Hanger, in particular, does not even mention—let alone wrestle with—the extensive and repeated arguments that Shinn Fu made about this combination, preferring instead to offer up mere conclusory assertions. It has not come close to establishing waiver.

4

Specifically, Tire Hanger does no more than flatly assert that "Shinn Fu did not raise the combination of the Conrad and Curran references." (Red Br., p. 15; *see id.* at p. 35.) In support of this unequivocal assertion, it offers only a blanket citation to the entirety of Shinn Fu's opposition to Tire Hanger's motion to amend below. (*See* Red Br., pp. 15, 35 (citing "Appx170-193").) It is difficult to overstate how far from reality this position is.

As Shinn Fu explained in its opening brief, the combination of Curran and Conrad as taught by Komorita was the *primary* combination that it asserted below. Thus, in its opposition to Tire Hanger's motion to amend, Shinn Fu first summarized its central theory by explaining that "[t]he Conrad, Marion, and Wuethrich hangers would have respectively been attached to a vehicle lift because, as taught by Heidle and Komorita, attaching a tire hanger to a vehicle lift would be a convenient way to avoid having to drop or lift a wheel removed from a lifted vehicle." (Appx181.) Shinn Fu in its opposition then expressly framed its discussion of this theory in the context of a combination of Curran and Conrad as taught by Komorita:

> Looking first at a system that couples *Conrad's tire hanger* to *the Curran lift* in the *manner taught by Komorita* (i.e.,

5

> with the tire hanger coupled to the lift's moving member), the following steps would occur (in this order) . . . .

(Appx183 (emphases added).)  Shinn Fu went on to devote nearly *four pages* of its opposition to a detailed, bulleted discussion of how this specific combination renders substitute claim 6 obvious.  (Appx183-186.)  This detailed discussion from Shinn Fu's opposition definitively puts Tire Hanger's waiver argument to rest.

The PTO's waiver argument cannot survive this evidence, either.  Indeed, the PTO, like Tire Hanger, fails to mention this discussion in its brief.  Rather, while the PTO implicitly concedes that Shinn Fu raised the combination of Curran and Conrad as taught by Komorita, it argues that Shinn Fu did not "signal to the Board that Curran was important."  (Intervenor Br., p. 22.)   But the PTO makes this argument only in an attempt to justify the Board's avoidance of Shinn Fu's argument, not to support any assertion of waiver.  (*See* Intervenor Br., p. 22; Section B.2., *infra*.)  In any event, if a party does not signal the importance of an asserted combination by calling out specific references by name and proceeding with a four-page discussion that applies those references to the relevant limitations, as Shinn Fu did in its opposition below, then no argument will ever survive a waiver analysis.

Moreover, even if the strong and pointed signal sent by Shinn Fu in its opposition was somehow lost on the Board, the Board *admitted* to being apprised of Shinn Fu's position during the oral hearing. Consistent with Shinn Fu's opposition papers, counsel for Shinn Fu at the hearing began by specifically directing the Board to the combination of Curran and Conrad as taught by Komorita:

> Here is how we see this case, Judge. We went through the prior art earlier, and I would like to run through an example of [a] prior art combination now which does use Conrad. *It uses Conrad and attaches the tire hanger of Conrad to the lift of Curran.*

(Appx288 at ll. 16-20 (emphasis added).) Counsel expressly reiterated that combination throughout the hearing, explaining again later that "instead of combining Conrad with Komorita" (as the Board was intent on doing), "you step back and you combine Conrad with Curran." (Appx298 at ll. 1-6.) One of ordinary skill would have combined those two, counsel explained, "based on the knowledge of Komorita." (Appx298 at ll. 7-8.)

The Board plainly acknowledged that Shinn Fu was relying on this combination. Indeed, Judge DeFranco specifically recited the combination in asking counsel for Shinn Fu, "So it is really Conrad,

Curran, and Komorita?" (Appx298 at ll. 11-12.) To which counsel responded in the affirmative and stated, "I do not believe they [(Tire Hanger)] have shown the claims are patentable over that." (Appx298 at ll. 13-15.)

Tire Hanger in its brief on appeal actually makes Shinn Fu's point about the Board's acknowledgement of Shinn Fu's position, while simultaneously exposing its own outright mischaracterization of the record. It quotes part of the following exchange from the hearing, in which Judge Grossman recognizes the combination of Curran and Conrad as taught by Komorita as the "centerpiece" of Shinn Fu's opposition to Tire Hanger's motion to amend:

> JUDGE GROSSMAN: Mr. Poplin, when you are making this combination of Conrad and Curran, both of which were exhibits submitted with your petition, neither of which you relied on to establish that the original claims were unpatentable.

> MR. POPLIN: Yes, Judge.

> JUDGE GROSSMAN: Now all of a sudden those become the centerpiece of your argument as to why the claims would be unpatentable. What happened to the references that you thought were so good when you filed your claims?

> MR. POPLIN: Our references are still very good, Judge, and they provide motivation. What has happened

here is the Patent Owner has come in and amended the claims.

(Appx290 at ll. 1-13.)

Judge Grossman here was expressly contrasting the references that formed the basis of Shinn Fu's argument (in its petition) that *the original claims* were unpatentable with the references Shinn Fu relied upon in arguing that *the amended claims* were unpatentable. By definition, then, the Board understood exactly which references Shinn Fu was relying on in its opposition to Tire Hanger's motion to amend. And it was *not* stating that Shinn Fu was improperly raising a new argument.

Nevertheless, Tire Hanger introduces this passage in its brief by asserting that "[d]uring the oral hearing, Shinn Fu raised for the first time a new combination of Conrad and Curran," and it selectively highlights certain words in the passage in an attempt to alter the passage's meaning in accordance with its desired end. (Red Br., p. 16.) Shinn Fu does not desire to belabor this point, but both Shinn Fu's opposition below and the transcript from the hearing reveal that Tire Hanger has blatantly mischaracterized the record.

9

Because Shinn Fu specifically and repeatedly raised and argued in detail that the combination of Curran and Conrad as taught by Komorita renders Tire Hanger's substitute claims obvious, Tire Hanger's case law regarding waiver is also inapplicable. Indeed, by Tire Hanger's own admission, those cases involved arguments "not raised before the PTAB" or "raised for the first time on appeal." (*See* Red Br., p. 34 (citing *e.g. In re Watts*, 354 F.3d 1362, 1367 (Fed. Cir. 2004) and *In re Schreiber*, 128 F.3d 1473, 1479 (Fed. Cir. 1997)).) The PTO's case law is similarly inapposite, as it cites only a single waiver case holding that this Court does not consider arguments that a party "failed to present to the Board." (Intervenor Br., p. 27 (quoting *In re Baxter Intl., Inc.*, 678 F.3d 1357, 1362 (Fed Cir. 2012)).)

Regarding waiver, this Court has consistently held that it is sufficient if a party raises the issue below in a manner that notifies the parties and tribunal of the argument and allows them an opportunity to respond.[1]  *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1371

---

[1] A party is free to further develop a position raised below with additional arguments and citations on appeal.  *See e.g. Interactive Gift Express, Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1346 (Fed. Cir. 2001) (explaining that the Court has not applied waiver "to prevent a party from clarifying or defending the original scope of its claim construction,

(Fed. Cir. 2002). Despite Tire Hanger's and the PTO's refusal to engage the record on this issue, there can be no dispute that Shinn Fu below specifically asserted the combination of Curran and Conrad as taught by Komorita, both in its opposition papers and at the oral hearing. As such, Tire Hanger and the Board had more than adequate notice and an opportunity to respond to and consider the argument. As Shinn Fu explained in its opening brief, this Court has specifically found that when a petitioner raises an argument in an opposition to a motion to amend, the moving party is on notice and has an opportunity—and an obligation—to respond in its reply. *See Microsoft Corp. v. Proxyconn, Inc.*, 789 F.3d 1292, 1308 (Fed. Cir. 2015) ("Proxyconn had the opportunity to distinguish those claims from DRP in its reply brief but simply chose not to do so.").

Tellingly, neither Tire Hanger nor the Board ever lodged an objection to the timeliness or sufficiency of Shinn Fu's assertion of the combination of Curran and Conrad as taught by Komorita below— because Shinn Fu timely and adequately asserted the combination. Tire Hanger's and the PTO's waiver argument is simply a post hoc

---

or from supporting its existing claim construction position with new citations to the specification").

11

attempt to cover for their own admitted failure to address the combination. There is no waiver.

>    **2.    Tire Hanger and the PTO concede that the Board did not consider Curran and Conrad as taught by Komorita.**

With no credible waiver argument to make, Tire Hanger and the PTO are left with no basis to support the Board's decision. Indeed, Tire Hanger and the PTO do not dispute that the Board below did not consider or address the combination of Curran and Conrad as taught by Komorita in its Final Decision—in fact, both concede as much. Tire Hanger tellingly characterizes the combination as one that the Board "*could have* considered." (Red Br., p. 25 (emphasis in original).) And its table summarizing the combinations that the Board actually did consider does not include the combination. (*See* Red Br., pp. 25-26.) The PTO frames the entire issue on appeal as whether the Board erred "by *neglecting to consider* the Curran-Conrad combination." (Intervenor Br., p. 20 (emphasis added); *see id.* pp. 17, 25.) These admissions alone, coupled with the fact that Shinn Fu plainly asserted the combination, establish reversible error on the part of the Board. (*See* Blue Br., pp. 21-26); *Power Integrations*, 797 F.3d at 1325 (vacating a board decision

because the board "failed to adequately evaluate [a party's] primary argument").

Nevertheless, Tire Hanger and the PTO argue that the Board need not have considered the combination of Curran and Conrad as taught by Komorita. As noted above, the PTO devotes most of its energy arguing that Shinn Fu did not "specifically and distinctly" assert the combination, or did not adequately "develop" it before the Board so as to "signal" its importance. (Intervenor Br., pp. 20-25.) But these arguments fail for the same reason that Tire Hanger's and the PTO's waiver arguments fail—Shinn Fu specifically and repeatedly argued in detail that the combination rendered Tire Hanger's substitute claims obvious. Moreover, the PTO provides no authority to give any objective meaning to the assertion that its obligation to address arguments somehow turns upon whether a party "signaled" that an issue was "important." Regardless, if Shinn Fu's repeated and detailed discussions about its asserted combination in this case are insufficient to "specifically and distinctly" raise and "develop" such a combination, then no party will ever be safe from the PTO's reasoning and the Board will effectively be free to arbitrarily ignore *any* argument.

13

Tire Hanger and the PTO also argue that the Board need not address "each and every conceivable combination" of prior art, and that it is sufficient to address groups of "representative" references together. (*See* Red Br., pp. 29-33; Intervenor Br., pp. 18, 27-30.)  It is of course true that addressing representative references may sometimes suffice. But that point is irrelevant here because neither Tire Hanger nor the Board addressed a combination that employed a simple lift representative of Curran or that utilized Komorita as a motivation to combine references, as Tire Hanger's own table summarizing the combinations that the Board considered makes clear.[2]  (Red Br., pp. 25-26.)  Indeed, Tire Hanger and the Board were so myopically focused on using Komorita as a starting point—i.e., as a "primary" reference to be modified—that they never considered simple lifts like Curran at all.

And Tire Hanger and the PTO *continue* to rely on this same myopic—and misplaced—view on appeal.   The PTO argues, for example, that the central issue below was motivation to combine, and that Tire Hanger had consistently argued that there was no motivation

---

[2] This despite the fact that Shinn Fu itself raised other references representative of or similar to Curran, including "the lift of the '897 Patent since that lift was also in the prior art."  (Appx180.)

to combine common tire hangers with Komorita because to do so would render Komorita inoperative for its intended purpose. (Intervenor Br., p. 22.) Given this context, the PTO argues, Shinn Fu did not present Curran as "distinctly relevant," because it "only cited Curran as disclosing the vehicle-lift element—an issue that was not in dispute." (Intervenor Br., pp. 22-23.) But Shinn Fu relied upon Curran *precisely because* Tire Hanger argued that combining common tire hangers with Komorita would render Komorita inoperative for its intended purpose.

As Shinn Fu explained in its opening brief, combining a common tire hanger (like Conrad) with Curran does not diminish Curran or render it inoperative for its intended purpose. To the contrary, a tire hanger self-evidently *improves* Curran's unadorned lift. And Komorita, rather than act merely as a reference to be modified, supplies the motivation to combine Curran and Conrad and teaches the steps of operating such a combination. (*See* Blue Br., pp. 29-32; Section B.3., *infra*.)

Shinn Fu therefore relies upon on a simple lift like Curran not for the purpose of "teach[ing] anything about servicing a vehicle," as Tire Hanger seems to believe. (*See* Red Br., p. 37.) Rather, Shinn Fu relies

upon Curran for the purpose of showing that the prior art contains an unadorned lift, which can be combined with a tire hanger (such as Conrad) in a manner taught by Komorita. As a result, Curran is "distinctly relevant" because it wholly negates Tire Hanger's (and the Board's) argument that combining common tire hangers with Komorita would render Komorita inoperative for its intended purpose. As Shinn Fu previously explained, the irony is that the Board's reasoning regarding Komorita leads directly to Curran and Shinn Fu's asserted combination—a fact that merely emphasizes the error in the Board's failure to address it.

Because the Board did not so address Shinn Fu's combination, and because the Board is without justification in doing so, this Court should reverse.

### 3. Tire Hanger and the PTO do not dispute that the combination of Curran and Conrad as taught by Komorita renders the substitute claims obvious.

In addition to their concession that the Board failed to consider the combination of Curran and Conrad as taught by Komorita, Tire Hanger and the PTO do not dispute that the combination renders the substitute claims obvious, nor do they dispute that the Board made all

of the necessary factual findings that dictate such a result. Indeed, nowhere in their briefs do they engage the substance of the combination at all. Instead, Tire Hanger and the PTO argue that, should this Court reverse the Board's Final Decision, a remand to the Board would be appropriate. Tellingly, however, they do so based on the bare *assumption* that this Court must remand as a matter of course.

Tire Hanger, for example, simply proclaims that "[t]his Court does not have authority to enter a finding of unpatentability as to substitute claims as Shinn Fu suggests." (Red Br., p. 39.) It cites no legal authority to support this assertion, nor does it distinguish the case law cited by Shinn Fu—*Smith & Nephew, Inc. v. Rea*, 721 F.3d 1371, 1380 (Fed. Cir. 2013)—which plainly affirms this Court's authority to determine obviousness when such a determination does not turn on any new factual findings. Indeed, once the underlying factual determinations are made, a conclusion that an invention is obvious is a *legal* one. *Belden*, 805 F.3d at 1073.

And the Board below made all of the necessary factual findings to support—and dictate—a finding of obviousness. (*See* Blue Br., pp. 30-32.) Tire Hanger and the PTO conspicuously avoid all of these findings.

17

Tire Hanger's table reciting the Board's alleged findings, for example,
omits the undisputed facts establishing that Curran and Conrad
disclose the underlying apparatus of substitute claim 6, including:

- the Board's acknowledgement that the underlying
  apparatus of the invention of the substitute claims
  involves nothing more than "taking a known tire hanger
  for a wheel . . . and affixing it to an automotive hoist or
  lift" (Appx21);

- Tire Hanger's concession that "Curran is a hoist" and its
  corresponding statement that "Yes, we admit it, there are
  hoists" (Appx263 at ll. 19-20); and

- the Board's finding that Conrad was a "known hanger for
  a wheel" that disclosed the support arm of the claimed
  invention.  (Appx21.)

(*See* Red Br., pp. 11-12.)  Tire Hanger's table further omits the Board's
finding that "the steps recited by substitute claim 6 were known in the
art" and, more specifically, that Komorita and Conrad disclose such
steps:

> Tire Hanger conceded that Komorita teaches all but one of
> the steps of [substitute] claim 6, namely, steps 1, 2, 3a, 4,
> and 5 . . . . As for the missing step, i.e., step 3b, Tire Hanger
> conceded that other prior art references, such as Conrad,
> teach hanging a wheel on a support arm by means of a hole
> in the wheel's center.

(Appx20-21.)

18

The only issue left is motivation to combine, and on this front the undisputed facts dictate that Komorita itself motivates the combination of Curran and Conrad. The Board simply did not appreciate this fact, because it insisted on combining Conrad with Komorita. As Shinn Fu has already explained, the Board found Komorita incapable of motivating a combination of Conrad and Komorita because, in its view, a person of ordinary skill would not "have had reason to diminish the express benefits of the tire holders in Komorita or Heidle by adding one of the known tire hangers of Conrad." (Appx26.) It then looked to Conrad, which it disregarded because Conrad pertains to "hanging a wheel *somewhere* on a wall or rail, but [is] silent as to where that somewhere might be, let alone a location conducive to avoiding back injury from lifting the wheel." (Appx22 (emphasis in original).) Had the Board focused its inquiry on the combination of Curran and Conrad, however, it would have realized that it had *already found* the necessary motivation to combine those references in the teachings of Komorita.

Indeed, it is undisputed that Komorita teaches the very thing the Board found lacking in Conrad—namely, placing a wheel on a tire hanger affixed to an automotive lift in "a location conducive to avoiding

back injury from lifting the wheel."  During the oral hearing, the Board

asserted this very point, and Tire Hanger expressly agreed:

> JUDGE DeFRANCO: Counsel, you agree that Komorita teaches placing the wheel on a support at chest height, correct?
>
> MR. FISH: Yes, I do.

(Appx270 at ll. 1-4).

This admission is consistent with the Board's description of

Komorita in the Final Decision as teaching that "the wheel that is

removed from the vehicle can easily be held by the tire hanger, and *the*

*wheel will not be placed on the floor*."  (Appx12 (quoting Appx367 at ¶ 6)

(emphasis added).)  It is also consistent with the Board's finding in the

context of Tire Hanger's original claims that "the prior art recognized

temporarily placing the wheel of [a] vehicle on a support arm *affixed to*

*an automotive hoist at about the same height as the elevated vehicle*."

(Appx15 (emphasis added).)

Because it is undisputed that Komorita teaches the benefit of

placing a tire hanger (e.g., Conrad) on a hoist or lift (e.g., Curran) at

chest height, such that no lifting of a wheel is necessary, no further

factual finding is necessary to support the combination of Curran and

Conrad (as taught by Komorita).  *See e.g. Spectrum Pharm., Inc. v.*

20

*Sandoz Inc.*, 802 F.3d 1326, 1333 (Fed. Cir. 2015) (explaining that the "teachings in the prior art itself . . . may provide a suggestion or motivation to combine prior art elements in the manner claimed"). As such, there is no need for the Board to revisit anything.

Notably, in asking this Court to remand in the face of these undisputed facts, the PTO repeats the same error that the Board made below. Indeed, it dismisses Komorita because the alleged "inoperability" of Komorita "tends to teach away from a proposed combination," and it then argues that "[w]hether a motivation to combine is taught by Curran or other prior art would be a question for the Board to answer in the first instance." (Intervenor Br., pp. 31-32.) But the "question" the PTO would have the Board resolve is an irrelevant one, as it again improperly assumes the context of a Conrad-Komorita combination. In the proper context of a combination of Curran and Conrad, it is not Curran or some other unnamed piece of prior art that supplies the motivation to combine, but rather the *already-admitted* teaching of Komorita. And there is no danger of rendering Komorita "inoperable" in such a combination, for reasons already discussed.

The PTO also appears to imply (rather cryptically) that Shinn Fu is attempting to supply a motivation to combine via an improper view or use of the claimed invention's purposes and the specific problem faced by the inventor. (*See* Intervenor Br., pp. 31-32.) But Shinn Fu does not rely upon the problem to be solved to supply motivation—again, the specific teachings of Komorita itself supply the motivation. *See Spectrum*, 802 F.3d at 1333.

Rather, contrary to the PTO's implication, Shinn Fu referenced the "purposes" of the invention in its opening brief only to explain that Komorita is relevant for its teaching about the placement of a tire hanger on a lift (at chest height), even if the simple combination of Curran and Conrad as taught by Komorita does not fulfill all of the specific purposes of Komorita itself. (Blue Br., pp. 33-34 (quoting *In re Zhang*, 2015-1995, 2016 WL 3357450, at *2 (Fed. Cir. June 17, 2016) for the proposition that "[w]hile a prior art reference may indicate that a particular combination is undesirable for its own purposes, the reference can nevertheless teach that combination if it remains suitable for the claimed invention.").) To find otherwise would be to ignore that "[a] reference must be considered for everything it *teaches* by way of

22

technology and is not limited to the particular *invention* it is describing and attempting to protect." *Belden*, 805 F.3d at 1076 (quoting *EWP Corp. v. Reliance Universal Inc.*, 755 F.2d 898, 907 (Fed.Cir.1985) (emphases in original)).   All of this remains unchallenged by Tire Hanger and the PTO.

For all of these reasons, no further factual findings are required in order to hold that the combination of Curran and Conrad as taught by Komorita renders the invention of substitute (independent) claim 6 obvious.  Similarly, Tire Hanger and the PTO do not dispute that Shinn Fu's proposed combinations render the inventions of substitute claims 7 – 10 obvious, nor do they identify any further facts that need be resolved in order to reach such a conclusion.  Thus, there is no need to remand this proceeding to the Board.

**C.    Tire Hanger's admitted failure to address the combination of Curran and Conrad as taught by Komorita is also fatal.**

Separate and apart from the Board's failure to address Shinn Fu's asserted combination of Curran and Conrad as taught by Komorita, Tire Hanger's own failure to address the combination at any point

23

below made it impossible for it to carry its burden to establish the patentability of the substitute claims.[3]

As an initial matter, Tire Hanger now concedes that the Curran, Conrad, and Komorita references are, in fact, "prior art of record." (Red Br., pp. 11-12.) Thus, as Shinn Fu explained in its opening brief, Tire Hanger was required to establish the patentability of its substitute claims over these references. (Blue Br., pp. 41-42 (citing *MasterImage 3D, Inc. et al. v. Reald Inc.*, IPR2015-00040, Paper 42 at 2, 2015 WL 4383224 (PTAB July 15, 2015) (designated Precedential)).) And yet,

---

[3] Neither Tire Hanger nor the Board actually dispute that Tire Hanger below bore the burden of proving that its proposed substitute claims are patentable over the prior art, and this issue is not before the Court in this case. (*See* Red Br., p. 19; Intervenor Br., p. 19); 37 C.F.R. § 42.20(c); *Idle Free Systems, Inc. v. Bergstrom, Inc.*, IPR2012-00027, Paper 66, at 26, 2014 WL 824156, at 15 (PTAB Jan. 7, 2014); *Proxyconn,* 789 F.3d at 1306-08. While it is true, as Tire Hanger notes, that the issue of whether a patent owner bears any burden regarding proposed amended claims will come under review in the rehearing of *In re Aqua Products* (*see* 2015-1177, 2016 WL 4375651, at *1 (Fed. Cir. Aug. 12, 2016)), this Court's precedent currently places the burden on the patent owner. *See Nike*, 812 F.3d at 1333-1334. Regardless, the decision in *In re Aqua Products* will not be determinative here, because, at a minimum, *In re Aqua Products* will not exonerate the Board from its failure to consider Shinn Fu's arguments below. Moreover, because Tire Hanger failed to address Shinn Fu's asserted combination *at all*, this Court's retention of any burden—persuasion or production—upon a patent owner in the context of a motion to amend will also be fatal to Tire Hanger here.

Tire Hanger did not address Curran or Conrad at all in its initial motion to amend. (*See* Appx141-169.) This fact alone prevented Tire Hanger from making a "*prima facie* case" for the patentability of the substitute claims.

More importantly, however, Tire Hanger also now concedes that it failed to address the combination of Curran and Conrad as taught by Komorita in its reply below. (*See* Appx195-212.) Indeed, Tire Hanger itself claims that in its reply it merely "addressed how the substitute claims overcome the Conrad reference." (Red Br., p. 16.) But it was not sufficient for Tire Hanger to ignore Shinn Fu's combination and focus only on how Conrad alone might impact other references or combinations of Tire Hanger's own choosing—particularly given that Tire Hanger also ignored Curran in its reply. For reasons already explained, Shinn Fu specifically asserted and presented a *prima facie* case of obviousness based upon the combination of Curran, Conrad, and Komorita in its opposition. This plainly put Tire Hanger on notice, and Tire Hanger had both the opportunity and obligation to respond in order to establish the patentability of the substitute claims. *See Proxyconn*, 789 F.3d at 1308 ("Proxyconn had the opportunity to

distinguish those claims from DRP in its reply brief but simply chose not to do so.").

As they do in the context of the Board's failures, Tire Hanger and the PTO again assert that it would be unreasonable to require Tire Hanger to address "every conceivable combination" of prior art references. But, like the Board, Tire Hanger never addressed any combination that employed a simple lift representative of Curran or that utilized Komorita as a motivation to combine references. (*See* Red Br., pp. 25-26.) Indeed, as explained above, Tire Hanger and the PTO still refuse to acknowledge the relevance of a simple lift at all.

In any event, Shinn Fu's position does not require Tire Hanger (or the Board) to have addressed "every conceivable combination," but rather only requires Tire Hanger, under the circumstances of this case, to have addressed the single, central theory and specific combination that Shinn Fu asserted and explained at length in its opposition. This is not an unreasonable burden to place upon a patent owner. To the contrary, it would be unreasonable to give a patent owner license to ignore the prior art combinations that a petitioner believes are most directly applicable to proposed amended claims. This is especially true

26

here, where Shinn Fu's proposed combination negates the primary flaw in the prior art that Tire Hanger relied upon in its motion to amend—namely, the alleged inoperability of Komorita in the context of a Conrad-Komorita combination.

Because Tire Hanger's failure to address the combination of Curran and Conrad as taught by Komorita made it impossible for Tire Hanger to meet its burden of establishing the patentability of the substitute claims, the Board erred in finding that Tire Hanger had carried its burden. This Court should reverse for this reason, as well. In addition, because Tire Hanger failed to carry its burden below, a reversal on this basis likewise requires no remand. Tire Hanger is not entitled to a do-over in order to address what it could and should have addressed in the first instance.

## CONCLUSION

There can be no dispute as to all of the pertinent facts and issues in this appeal: (1) Shinn Fu properly raised the combination of Curran and Conrad as taught by Komorita below; (2) Tire Hanger and the Board both failed to address the combination; and (3) the Board's factual findings (and legal reasoning) support the combination and

27

dictate that the combination renders Tire Hanger's substitute claims unpatentable.

As such, Shinn Fu respectfully requests that the Court reverse the Board's decision granting Tire Hanger's motion to amend, further hold in light of the Board's findings that substitute claims 6-10 are unpatentable and enter judgment in favor of Shinn Fu accordingly, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ A. Justin Poplin
A. Justin Poplin
Lathrop & Gage, LLP
10851 Mastin Boulevard
Suite 1000
Overland Park, KS 66210
(913) 451-5100
jpoplin@lathropgage.com

Travis W. McCallon,
Lathrop & Gage, LLP
2345 Grand Boulevard
Suite 2200
Kansas City, MO 64108
(816) 292-2000
tmccallon@lathropgage.com

*Counsel for Appellants*

December 22, 2016

# United States Court of Appeals
## for the Federal Circuit

*Shinn Fu Company of America v. Tire Hanger Corporation,* 2016-2250

## CERTIFICATE OF SERVICE

I, Elissa Matias, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by LATHROP & GAGE, LLP, counsel for Appellant to print this document. I am an employee of Counsel Press.

On **December 22, 2016** counsel has authorized me to electronically file the foregoing **Reply Brief for Appellants** with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing to all counsel registered as CM/ECF users, including any of the following principal counsel for the parties:

| | |
|---|---|
| John D. Van Loben Sels | Nathan K. Kelley |
| (Principal Counsel) | (Principal Counsel) |
| Wang, Hartman, Gibbs | U.S. Patent and Trademark |
| & Cauley, PLC | Office, Office of the Solicitor |
| 2750 W. El Camino Real, Suite 440 | PO Box 1450 - Mail Stop 8 |
| Mountain View, CA 94040 | Alexandria, VA 22313 |
| 650-209-1230 | 571-272-9035 |
| jvanlobensels@fishiplaw.com | nathan.kelley@uspto.gov |
| *Counsel for Appellee* | *Counsel for Intervenor* |

Paper copies will also be mailed to the above principal counsel at the time paper copies are sent to the Court.

Upon acceptance by the Court of the e-filed document, six paper copies will be filed with the Court within the time provided in the Court's rules.

December 22, 2016

/s/ Elissa Matias
Counsel Press

29

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) or Federal Rule of Appellate Procedure 28.1(e)

   X   The brief contains  5,686  words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii),or

_____ The brief uses a monospaced typeface and contains lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Rule of Appellate Procedure 28.1(e) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6)

   X   The brief has been prepared in a proportionally spaced typeface using MS Word in a 14 point Century Schoolbook font or

_____ The brief has been prepared in a monospaced typeface using _____in a ___ characters per inch_____ font.

December 22, 2016            (s) /s/ A. Justin Poplin
Date                                       A. Justin Poplin
                                               Lathrop & Gage, LLP
                                               *Counsel for Appellants*

30

26673719v1